891 So.2d 1068 (2004)
In the Interest of K.W., a child.
S.S., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D04-232.
District Court of Appeal of Florida, Second District.
November 19, 2004.
*1069 Frank D.L. Winstead of Winstead Law Offices, Fort Myers, for Appellant.
Bernie McCabe, State Attorney, and Marci L. Matonis, Assistant State Attorney, Clearwater, for Appellee.
DAVIS, Judge.
S.S. challenges the trial court's final judgment terminating her parental rights to her daughter, K.W. We affirm.
The child was born on January 15, 2002. At the time of delivery, S.S. tested positive for marijuana, Valium, and Xanax and the newborn tested positive for marijuana. The child was sheltered on February 21, 2002, and a petition for dependency was filed on March 6, 2002. On April 8, 2002, the child was placed by the Department of Children and Family Services (the Department) in the joint custody of a maternal cousin and maternal aunt.
After the entry of an order finding dependency based on the consent of S.S., a case plan was adopted with the goal of reunification. When S.S. failed to substantially comply with the requirements of the case plan, the Department filed a petition to terminate S.S.'s parental rights to the child. Following a trial on the petition, the trial court terminated S.S.'s parental rights and committed the child to the Department. S.S. now appeals that final judgment.
S.S. raises three issues on appeal. First, she argues that the Department has failed to prove the statutory grounds for termination. Second, she contends that the trial court erred in finding that termination was in the manifest best interest of the child, and third, she suggests that termination was not the least restrictive means of protecting the child. We observe initially that the record supports the trial court's finding that the Department has proven the statutory grounds for termination. *1070 We write only to clarify our affirmance of the trial court's determination concerning the manifest best interest of the child and the correct application of the least restrictive means test.
S.S. argues that in view of the fact that the child is currently living with a relative, the trial court failed to give proper consideration to section 39.810, Florida Statutes (2002), which requires the trial court to consider and evaluate the manifest best interest of the child. Specifically, S.S. argues that the trial court failed to consider whether there is a suitable long-term placement arrangement with a relative that might serve as an alternative to termination.
While the trial court did consider the potential of a long-term custody arrangement with the maternal cousin who had cared for the child for over two years, the court determined that it was in the manifest best interest of the child for the placement to be an adoptive placement, as supported by the very young age of the child, the fact that the child had been in the cousin's home nearly since birth and the fact that the cousin wished to adopt the child. Because this arrangement allows for the child's adoption by the cousin, achieves permanency for the child, and is supported by the facts and the record, which reveal S.S.'s lack of progress in compliance with the case plan, we conclude that the trial court properly considered the manifest best interest of the child.
S.S. next suggests that since a long-term relative placement is a less restrictive means of protecting the child, it was error to order termination of S.S.'s parental rights. Because the termination of one's parental rights impacts a fundamental liberty interest, the Department must show that granting termination is the least restrictive means of protecting the child. See Padgett v. Dep't of Health & Rehabilitative Servs., 577 So.2d 565 (Fla.1991). However, Padgett describes the least restrictive means as those that offer the parent a case plan and time to comply with the plan so as to obtain reunification with the child. Id. The clear purpose of the use of the least restrictive means is the "reestablishment of the parent-child bond." M.H. v. Dep't of Children & Families, 866 So.2d 220, 223 (Fla. 1st DCA 2004).
In the case before us, the record demonstrates that S.S. was provided with a case plan and ample time to comply with the requirements and seek reunification. She failed to avail herself of this opportunity. Furthermore, this child has been with the maternal cousin since she was only two months old. The record supports the trial court's finding that the child has established a parental bond with the cousin and that, due to the limited contact that S.S. has had with the child, there are minimal or no emotional ties existing between S.S. and the child. While the court is required to consider the least restrictive means, the least restrictive means test is not intended "to preserve a parental bond at the cost of a child's future." Dep't of Children & Families v. B.B., 824 So.2d 1000, 1009 (Fla. 5th DCA 2002). Since there is little or no bond to protect and there was never a parent-child relationship to reestablish, long-term relative placement was not in the best interest of the child and was not required by the "least restrictive means" test. Accordingly, the trial court was correct to reject S.S.'s argument that the long-term relative placement was a less restrictive alternative to termination.
Affirmed.
ALTENBERND, C.J., and STRINGER, J., Concur.